VALLEY BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17678.    Promulgated November 9, 1929.

*Theodore B. Benson, Esq.*, for the petitioner.
*Harry LeRoy Jones, Esq.*, for the respondent.

50

52

OPINION.

MURDOCK: The Commissioner has not determined a deficiency for the year 1917, but on the contrary has determined an overassessment for that year. His determination is not the result of the denial of a claim in abatement. We have no jurisdiction to entertain the present proceeding so far as it relates to that year and the same is hereby dismissed.

As to the other years, the petitioner is claiming that it is affiliated with the Gila Valley Bank & Trust Co. within the meaning of subdivision (b) of section 240 of the Revenue Act of 1918, which provides that two or more corporations shall be deemed to be affiliated—

(1) If one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or

(2) If substantially all the stock of two or more corporations is owned or controlled by the same interests.

It is apparent from a consideration of the foregoing facts that the petitioner has not shown that it is to be deemed affiliated with the other institution under either one of the above provisions of the Act.

On January 1, 1918, a group of individuals owned 71.76 per cent of the stock of the petitioner and at the same time owned 65 per cent of the stock of the other bank. Without knowing more, it can not be said that the same interests owned substantially all of the stock of the two corporations, because under such circumstances we must assume that the stockholders owning the remaining 28.24 per cent of the stock of the petitioner are not the same persons who owned the remaining 35 per cent of the stock of the other bank. See *American Auto Trimming Co.*, 6 B. T. A. 1007; *Ice Service Co. et al.*, 9 B. T. A. 386; affd., 30 Fed. (2d) 230; *D. S. Brandon*, 10 B. T. A. 1118. We have this same difficulty for the other years here in question, and we can not say as to any of the years that substantially all of the stock of the two corporations was owned by the same interests. Furthermore, the evidence fails to disclose control of the minority stock by the interests owning the majority stock. *Ice Service Co., supra; Tunnel Railroad of St. Louis*, 4 B. T. A. 596, as to proxies; *News Publishing Co.*, 6 B. T. A. 1257; affd., 29 Fed.

(2d) 955; *Adolph Hirsch & Co.*, 30 Fed. (2d) 646; *Great American Stores Co.*, 14 B. T. A. 320.

There is no claim that one of the corporations owns directly substantially all the stock of the other, but it is claimed in the petitioner's brief, though not alleged, that one corporation controls through closely affiliated interests, substantially all the stock of the other. In this the petitioner must certainly fail so far as the year 1918 is concerned, for at the beginning of that year and extending to an unknown time in that year, we must assume that 28.24 per cent of the stock of the petitioner was owned by a number of individuals who owned no stock in the other bank, and 35 per cent of the stock of the other bank was owned by individuals who owned no stock in the petitioner. The evidence does not show that those owning the majority of the stock in either of these banks exercised control, through closely affiliated interests or otherwise, over the minority stock. On January 1, 1919, there had been no substantial change in the identity of the owners of the stock in the Gila Valley Bank & Trust Co., but at that date those owning 65 per cent of its stock owned 89.72 per cent of the stock of the petitioner. The petitioner contends that under these circumstances the Gila Valley Bank & Trust Co. controls, through closely affiliated interests, substantially all the stock of the petitioner. It is unnecessary to decide, and we do not decide, whether 89.72 per cent is substantially all the stock of the petitioner, because in any event it can not be said that the Gila Valley Bank & Trust Co. controls through closely affiliated interests this 89.72 per cent of the stock of the petitioner. It could of course be said that stockholders owning 65 per cent of the stock of the Gila Valley Bank & Trust Co. owned directly 89.72 per cent of the stock of the petitioner, but this fact is no reason to say that the Gila Valley Bank & Trust Co. as a corporation controls, through closely affiliated interests, substantially all the stock of the petitioner, or in fact to say that the Gila Valley Bank & Trust Co. controls any of the stock in the petitioner. Control must be proven and we can not assume that it exists, particularly where 35 per cent of the stock of the corporation claimed to exercise the control is held by persons who own no stock in the corporation claimed to be controlled. Such a situation indicates a lack of that unity of interest contemplated by the Act. Proof of control is lacking.

The situation as to the year 1920 is no different in principle from the situation in 1919.

*Judgment will be entered for the respondent.*